*NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JAMERE J. COSTIN, | Civ. No. 24-4705 (RMB-SAK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| CUMBERLAND COUNTY JAIL, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about April 9, 2024, Plaintiff Jamere Costin, a pretrial detainee presently confined in Hudson County Correctional Facility in Kearny, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.)

2. The Court administratively terminated this matter because Plaintiff's application to proceed *in forma pauperis* ("IFP Application") did not comply with the requirements of 28 U.S.C. § 1915(a). (Order, Dkt. No. 5.)

3. On March 5, 2025, Plaintiff submitted a properly completed IFP Application (Dkt. No. 6) which establishes his financial eligibility to proceed without prepayment of the $350 filing fee, and it will be **GRANTED**.

1

4. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

6. The defendants to the complaint are Cumberland County Jail, Medical Staff [John/Jane Does], Officer M. Booner, and Officer D.A. Harris. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a state actor deprived him/her of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

7. Plaintiff alleges that on that on or about March 9, 2024, Officer D.A. Harris slammed a cell door on his injured right hand, and on March 25, 2024, Officer Booner grabbed and choked him without out reason. (Compl. at 4.)

8. Plaintiff also asserts a claim against unidentified medical staff. He alleges "Medical Staff" failed to treat his injuries when Officer Harris slammed a door on his injured hand and Officer Booner choked him. (*Id.* at 5.)

9. Plaintiff alleges Cumberland County Jail should be condemned because the air is toxic and caused him to have difficulty breathing. (*Id.* at 7.)

10. As a pretrial detainee, Plaintiff's excessive force claims against Officers Booner and Harris arise under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (distinguishing excessive force claims under the Eighth and Fourteenth Amendments). Plaintiff's Fourteenth Amendment excessive force claims under § 1983 **MAY PROCEED**.

11. The Court will **DISMISS without prejudice** Plaintiff's Fourteenth Amendment inadequate medical care claim(s) against "Medical Staff." Courts in the Third Circuit apply the same standard for inadequate medical care claims brought by pretrial detainees under the Fourteenth Amendment as with Eighth Amendment claims brought by prisoners. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To state a claim for relief, Plaintiff must "make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health*

*Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Deliberate indifference has been shown where:

> (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs.

*Pearson*, 850 F.3d at 538 (3d Cir. 2017) (quoting *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Plaintiff has not alleged sufficient facts to state a claim against an unidentified medical staff member(s) who was deliberately indifferent to his serious medical need.

12. "[T]he Third Circuit has routinely affirmed dismissals of complaints against prisons because they are not "persons" under § 1983[.]" *Clark v. Camper*, No. CV 22-3054, 2023 WL 2796084, at *3 (E.D. Pa. Apr. 5, 2023) (citations omitted). Thus, the Court will **DISMISS** with prejudice the § 1983 claim against Cumberland County Jail for unconstitutional conditions of confinement, but such dismissal is without prejudice to Plaintiff alleging sufficient facts to state a claim against a proper defendant. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (noting a municipality may liable under § 1983 when either a policy or custom facially violates the Constitution or is the moving force behind a constitutional violation).

13. In conclusion, this Court will: (1) grant Plaintiff's IFP application; permit Plaintiff's § 1983 excessive force claims against Officer M. Booner and Officer D.A. Harris to proceed; (2) dismiss without prejudice Plaintiff's § 1983 claim for inadequate

medical care against Medical Staff [John/Jane Does]; (3) dismiss with prejudice Plaintiff's § 1983 claim of unlawful conditions of confinement against Cumberland County Jail; and (4) grant Plaintiff leave to file an amended complaint to cure the deficiencies in the claims that will be dismissed without prejudice.

An appropriate order follows.

Dated: **May 5, 2025**

                                              Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              Chief United States District Judge